UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA J. MORALES, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| vs. ) | |
| ) | (Civil Rights, Personal Injury, Jury Trial Demanded) |
| OFFICER SONYA FRY, member of the Seattle ) | |
| Police Department, OFFICER MICHELLE ) | |
| GALLEGOS, member of the Seattle Police ) | |
| Department, the CITY OF SEATTLE, and ) | |
| DOES I through V, inclusive, members of the ) | |
| Seattle Police Department, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

1. This is an action for damages sustained by a citizen of Seattle, Washington against Seattle Police Officers who, through their intentional conduct and reckless and conscious disregard for the First, Fourth, and Fourteenth Amendments, has caused plaintiff to suffer

COMPLAINT FOR DAMAGES - 1

Premier Law Group PLLC
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

deprivation of her liberty and her civil and constitutional rights, physical injury, and mental and emotional distress.

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4) for plaintiff's federal constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the Constitution of the United States, specifically the First, Fourth, and Fourteenth Amendments thereto..

3. This Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367 by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## III. VENUE

4. All of the unlawful acts and practices alleged herein occurred in King County. Thus, the Western District of Washington Seattle Courthouse is the appropriate forum for this matter.

## IV. PARTIES

5. Plaintiff Maria J. Morales is an adult Hispanic female citizen of the United States and a resident of the State of Washington.

6. Defendant Officer Sonya Fry is a member of the Seattle Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of her employment by the City of Seattle.
COMPLAINT FOR DAMAGES - 2

7. Defendant Michelle Gallegos is a member of the Seattle Police Department and, in doing the things complained herein, was acting under color of law and within the course and scope of her employment by the City of Seattle.

8. Defendant City of Seattle, Washington is now, and at all time mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

9. Defendants Does I through V, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by the City of Seattle.

10. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## V. ADMINISTRATIVE PROCEEDINGS

11. Within the statutory time period, specifically on October 18, 2012, plaintiff filed a claim, arising out of the events alleged herein, against the Seattle Police Department pursuant to RCW §496.020. On December 18, 2012, the claim was rejected by operation of law because it was not responded to.

## VI. STATEMENT OF FACTS

12. On May 1, 2012, Maria Morales was upbeat. She had a business lunch at the Columbia Tower that she hoped would lead to a job with a new company. At around 3:30 pm, she left in high spirits, but her mood changed quickly.

13. Morales left the tower and met a friend to join a march held to shed light on police brutality (May Day). The march proceeded peacefully along Fourth Avenue and through Seattle Center, and then turned back downtown.

14. When the march reached First Avenue and Pine Street, progress stopped abruptly. Morales and her friend were toward the back of the crowd, but could tell that something was wrong. Some people began throwing things, and Morales was pushed back as those in front of her backed away from the danger.

15. Seattle police officers attempted to control the situation, but their aggressive and threatening nature led to escalation instead. They brandished weapons – clubs and night sticks – and shouted orders to back away. Whenever someone was arrested, officers formed a tight circle around the arrest, blocking the view of what was happening within and using their bicycles and weapons to forcibly keep people out.

16. Morales was standing on Pike Street between First and Second Avenues, obeying orders and attempting to stay back from the police line when one of the officers' circles pushed her against a wall. The handlebars of Officer Sonya Fry's bicycle lurched toward Morales and she put her hands forward to allow safe passage. The next thing she knew, she was yanked forward and then slammed down on top of two bicycles and officers were forcing her into handcuffs.

17. Seattle Police Office Sonya Fry grabbed Morales by the arm and hair and pulled her down onto the bikes. Morales was swarmed as Fry and other officers flipped her over onto her stomach, pepper sprayed the left side of her face and arm and put her in two sets of handcuffs, with one put on so tightly it injured her thumb. Two officers yanked Morales to her feet and walked her to First Avenue, where they stopped outside a police van. The officers photographed Morales and told her she was being arrested for assault.

18. Morales was then taken to the police station and booked. Her right thumb had become numb as a result of the tight handcuffs, so an emergency medical technician gave her ice

COMPLAINT FOR DAMAGES - 4

and wrapped her hand before Morales was taken to King County Jail, at 500 5th Avenue in Seattle.

19. At the jail, a nurse checked her thumb again, gave her new ice and re-wrapped the injury. Morales was taken to a cell at roughly 9:00 pm, where she stayed overnight. The next morning, May 2, 2012, she was taken to the jail's infirmary and given ibuprofen and more ice for her hand. The medical staff told her that if she was still in custody the next day she would be taken for an X-ray.

20. Later that day, Morales had first appearance in the jail's courtroom. The Court found probable cause for her arrest was found based on the sworn false statement of defendant Fry, Plaintiff was released from custody on her own recognizance pending filing of charges and told to appear in Superior Court on May 4, 2012.

21. The night of her release, Morales went to the Emergency Department at the VA Puget Sound Health Care System at 1660 South Columbian Way in Seattle. X-rays of her thumb were negative, but doctors told her the inflammation and pain would take time to hear. Medical staff at the VA also noted bruises about Morales' body, including on her back, should, arms and legs.

22. On May 3, 2012, Seattle Police Detective J.D. Mudd wrote a Certification for Determination of Probable Cause for Morales' arrest which was also based on defendant Fry's false statment. Mudd stated that on May 1, 2012 at about 5:48 p.m., Morales disobeyed police orders to stay back and instead stepped up to the line of officers, swore at Officer Fry and punched her in the chest with a closed fist. He wrote that this was the reason Fry grabbed Morales and threw her to the ground, and that Morales kicked another officer, Michelle Gallegos, while struggling to get free from Officer Fry. Each of these statements were lies and

Premier Law Group pllc
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

were contrived as is the pattern by Seattle Police Officers when using excessive force and when trying to justify an unlawful arrest.

23. During the May 4, 2012 hearing, Morales was charged by information with fourth degree assault against Officer Sonya Fry, in violation of RCW 9A.36.041. She was arraigned on May 17, 2012. In an Omnibus Application of Prosecuting Attorney as to Defendant, signed and filed on June 7, 2012, the Deputy Prosecuting Attorney informed the court that the State would move to amend the charges against Morales in the information to also include charges of assault in the third degree, riot, disorderly conduct, and obstruction.

24. The May 1, 2012 march was heavily documented by witnesses carrying cameras. The next day, a video showing Morales' arrest was posted on YouTube. That video showed Officer Fry grabbing Morales and pulling her down on top of the bicycles. It showed Officer Fry just before she did this, and there was no punch by anyone or contact by Morales before Officer Fry grabbed her. Morales did not appear to be speaking, much less yelling obscenities, when Officer Fry pulled her down to the bikes on the floor.

25. On August 17, 2012, the King County Superior Court granted the State's motion to dismiss all charges against Morales. The prosecutor's office admitted that after watching the video, there was no basis to maintain any of the charges against Morales.

26. As a result of her arrest, Morales lost her job as an EMT. She also hired an attorney to defend herself against the charges, incurring legal expenses she would have otherwise avoided. She had no prior criminal record aside from traffic tickets before this incident.

//

//

//

COMPLAINT FOR DAMAGES - 6

## VII. FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Arrest without probable cause against all defendants except the City of Seattle)

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

28. Plaintiff was complying with police instructions to stay back when Officer Fry grabbed her to effectuate her arrest. Officer Fry, Officer Gallegos, and the Doe officers restrained and arrested Morales without a warrant or probable cause.

29. The actions of defendants Fry, Gallegos, and Does I-V in arresting plaintiff without probable cause deprived her of her Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 United States Code § 1983.

30. The direct and proximate result of the defendants' acts is that plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that she was deprived of her physical liberty, that she lost her employment, and that she incurred medical and legal expenses.

31. Defendants subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of her rights for which an award of punitive damages is warranted.

## VIII. SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Excessive force against all defendants except the City of Seattle)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for relief.

33. Plaintiff was complying with police instructions when defendant Officer Fry pulled her down by the arm and hair on top of police bicycles.

34. Plaintiff was forcefully turned onto her stomach and subjected to a blast of pepper spray by defendants while she lay on the ground, before being restrained excessively tight by two sets of handcuffs.

35. The actions of defendants Fry, Gallegos, and Does I-V in pulling plaintiff to the ground, spraying her in the face with pepper spray and using two sets of excessively tight handcuffs to retrain her deprived plaintiff of her Fourth Amendment rights to be free from unnecessary and excessive uses of force in violation of 42 United States Code § 1983.

36. The direct and proximate result of the defendants' acts is that plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, that she was deprived of her physical liberty, that she lost her employment, and that she incurred medical and legal expenses.

37. Defendants subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of her rights for which an award of punitive damages is warranted.

## IX.  THIRD CLAIM FOR RELIEF

(41 U.S.C. § 1983 – Malicious prosecution)

38. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 37 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

39. Said prosecution was instituted by defendants without probable cause, as the facts observed by defendants prior to arresting plaintiff and the matters known to defendants before the instituting of the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by plaintiff.

40. Defendants acted with implied malice by arresting plaintiffs without probable cause and then continuing to maintain the prosecution by providing the prosecutor's office with false information and after learning there was no probable cause for any of the charges.

41. As a direct and proximate result of the intentional acts of defendants as complained of herein, plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish. Plaintiff incurred legal expenses in defending against the prosecution and in obtaining her freedom.

42. By reason of the above, plaintiffs have been brought into public scandal, disrepute and disgrace, and their ability to function properly has been greatly hindered, causing them to suffer emotional trauma and harm. Plaintiff also lost her job and her apartment as a result of the arrest and prosecution.

43. The arrest and prosecution of plaintiffs by said defendants were done deliberately, with malice and oppression, and in conscious disregard of plaintiffs' rights, for which an award of punitive damages is mandated against said defendants.

## X. **FOURTH CLAIM FOR RELIEF**

(42 U.S.C. § 1983 – Monell claims)

COMPLAINT FOR DAMAGES - 9

Premier Law Group PLLC
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

44. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 43 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for relief.

45. At all times herein mentioned, the City of Seattle had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, the City of Seattle failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights. The officers whose conduct is described above do not know what constitutes probable cause to arrest a person or unnecessary and excessive force because of inadequate training or tacit approval of said conduct by the Seattle Police Department and tolerance by the department of Fourth Amendment violations. In the past three years there have been dozens of excessive force claims against the City of Seattle Police officers yet no sustained claims.

46. Said lack of policy of corrective discipline and failure to properly train and correct have exposed those who are in compliance with the law to unreasonable arrests and unnecessary and excessive force.

47. Thus, the need to train officers in the constitutional limitations on the arrest of citizens and the amount of force to apply when doing so can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

48. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally-protected right, to wit, Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure to make any objective findings as to

COMPLAINT FOR DAMAGES - 10

plaintiff's arrest and use of force, given the circumstances; and (3) causation between the inadequate training and plaintiff's injuries.

49.     The City of Seattle breached its duty of care to plaintiff as a citizen because it failed to adequately train and/or discipline its police officers, including those named in this complaint. This lack of adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful arrests and use of force by officers employed by the City of Seattle, Washington.

50.     The Seattle Police Officers' improper training permitted each defendant to use poor judgment in assessing the threat to police officers and in using unnecessary and excessive force.

51.     The foregoing acts, omissions, and systemic failures are customs and policies of defendant City of Seattle, which caused its officers to believe that determination of the right to arrest a citizens and arbitrarily determine the amount of force to be used was within teir unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of a citizen's rights that occurred in this case. Such conduct on the part of defendat City of Seattle renders it liable for its officer's constitutional violations.

52.     As a direct and proximate cause of the aforesaid acts, omissions, policies, customs, and ratification of defendant City of Seattle, the individual defendant officers caused the constitutional violations and damages described above.

//

//

COMPLAINT FOR DAMAGES - 11

Premier Law Group pllc
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

## STATE CLAIMS

### XI. **FIFTH CLAIM FOR RELIEF**

(Assault)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for relief.

54. Defendant officers acted with the intent to cause an apprehension of harmful or offensive contact with plaintiff as described above.

55. As a direct and proximate cause of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

56. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

57. The conduct of defendants, and each of them, was done in reckless and conscious disregard to plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon plaintiff for which an award of punitive damages is mandated against each defendant.

58. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

//

//

//

## XII. SIXTH CLAIM FOR RELIEF

(Battery)

59. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for relief.

60. Defendant Officer Fry acted with the intent to cause, and did in fact, cause offensive contact with plaintiff by grabbing plaintiff by her arm and hair and slamming her down on top of two bicycles. Officer Fry and other officers flipped plaintiff over onto her stomach and pepper sprayed the left side of her face and arm while she was in a position where she could not even stand up. They then continued to put two sets of handcuffs on her, with one so tight that it hurt her thumb and plaintiff had to get treatment from an emergency medical technician.

61. As a direct and proximate cause of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

62. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

63. The conduct of defendants, and each of them, was done in reckless and conscious disregard to plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon plaintiff for which an award of punitive damages is mandated against each defendant.

64. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

## XIII. SEVENTH CLAIM FOR RELIEF

(False arrest and false imprisonment)

65. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 64 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for relief.

66. The conduct of defendant officers in initiating plaintiff's arrest constitutes false imprisonment of plaintiff. The actions of defendant officers in detaining plaintiff at May Day and in taking her to the police station constituted a false arrest and false imprisonment.

## XIV. EIGHTH CLAIM FOR RELIEF

(Malicious Prosecution)

67. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 66 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

68. The actions of defendants and each of them in arresting plaintiffs without legal cause and maintaining a prosecution of plaintiff by providing the prosecutor false information, deprived plaintiff of her Fourth Amendment rights to be free from deprivations of liberty without probable cause and due process of law.

69. The individually named defendants, and each of them, subjected plaintiffs to such deprivations with malice and a reckless and conscious disregard of his rights and an award of punitive damages is warranted against each non-municipal defendant.

//

//

//

## XV. NINTH CLAIM FOR RELIEF

(City of Seattle – Respondeat Superior)

70. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 69 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.

71. In doing the things herein alleged, defendant officers were acting within the course and scope of their employment with the City of Seattle, Washington. The City of Seattle is therefore liable for the conduct of the defendant officers.

## XVI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief against the defendant:

A. For general and special compensatory damages for plaintiff and against defendants according to proof at trial;

B. For punitive damages against defendants;

C. For reasonable attorney's fees and costs pursuant to the law;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

DATED this 21st day of December, 2012.

PREMIER LAW GROUP, PLLC

*[signature]*

**Darryl Parker**, WSBA #30770
*Attorney for Plaintiff*
3380 146th Place, SE, Ste 430
Bellevue, WA 98007

COMPLAINT FOR DAMAGES - 15