THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA MORALES,<br><br>                Plaintiff,<br><br>    vs.<br><br>OFFICER SONYA FRY,<br><br>                Defendant. | No.   C12-2235-RSL<br><br>STIPULATED MOTION AND AGREED IN LIMINE ORDER<br><br>Noting date: June 15, 2018 |

      Based on the following stipulation, the parties move the Court to enter the agreed in limine order below

**STIPULATION**

      The parties have met and conferred to resolve disputes regarding their motions in limine as the local rules require. LCR 7(d)(4). Along with their disputed motions in limine, which they will file on June 15, the parties have agreed that the Court should enter the following order to enforce their agreements resolving certain motions in limine.

STIP. MOTION & AGREED IN LIMINE ORDER
2:12-CV-02235-RSL - 1

**PETER S. HOLMES**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

SO STIPULATED.

| | |
|---|---|
| CIVIL RIGHTS JUSTICE CENTER, PLLC | PETER S. HOLMES<br>Seattle City Attorney |
| By: *s/ Darryl Parker*<br>Darryl Parker, WSBA #30770<br>Ada Wong, WSBA #45936 | By: *s/ Ghazal Sharifi*<br>Ghazal Sharifi, WSBA #47750<br>Cherie K. Getchell, WSBA #49768<br>Erika Evans, WSBA #51159 |
| Civil Rights Justice Center, PLLC<br>2150 North 107th Street, Suite 520<br>Seattle, WA 98133 | Seattle City Attorney's Office<br>701 5th Avenue, Suite 2050<br>Seattle, WA 98104<br>(206) 233-7808 |
| AKW Law, P.C.<br>6100 219th Street SW, Suite 480<br>Mountlake Terrace, WA 98043<br>E-mail: dparker@civilrightsjusticecenter.com<br>ada@akw-law.com | Email: ghazal.sharifi@seattle.gov<br>erika.evans@seattle.gov |
| Attorneys for Plaintiff Maria Morales | Attorneys for Defendant Sonya Fry |

**ORDER**

Based on the stipulation above, the Court GRANTS the parties' stipulated motion, and orders as follows as to matters taking place in the presence of the jury in the trial of this action. Counsel are responsible for ensuring that non-adverse witnesses that they call are informed of these orders to ensure that they do not violate them.

1) Non-party witnesses shall not be present in the courtroom during proceedings in this case until they have been called to the stand and the Court has excused them from further testimony. Fed. R. Evid. 615.

2) Neither counsel nor any witness may comment on the tax consequences arising from any award of damages to Plaintiff.

3) Neither counsel nor any witness may state or argue that Officer Fry or another payor would or would not pay any judgment against her.

STIP. MOTION & AGREED IN LIMINE ORDER
2:12-CV-02235-RSL - 2

**PETER S. HOLMES**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

4) Neither counsel nor witnesses may state or argue that the City of Seattle is insured or not insured, discuss the financial condition of the City of Seattle, or discuss the source of any payment the City of Seattle might make to satisfy a judgment in this matter.

5) Except for documents used solely for impeachment, counsel shall first seek leave of Court before offering in front of the jury or referring in front of the jury to any document (including electronic media) that has not been previously produced in this action or identified in the parties' joint pretrial order. The Court will grant leave only on a showing of good cause.

6) Counsel shall first seek leave of Court before calling any witness not listed in the parties' joint pretrial order. The Court will grant leave only on a showing of good cause.

7) Neither counsel nor any witness shall inform the jury of the parties' motions in limine, agreed or disputed, or any Court ruling on those motions, except as necessary to enforce the Court's rulings. Counsel may state "objection, in limine ruling" to raise an objection to proffered evidence or testimony based on the Court's rulings on the parties agreed or disputed motions in limine. No party shall argue to the jury that the opposing party acted improperly by seeking to exclude or limit testimony or other evidence.

8) Counsel and witnesses will not argue or testify regarding when Plaintiff engaged her current counsel without first seeking leave of Court.

9) Counsel shall not offer evidence about any witness's "reputation for having a character for truthfulness or untruthfulness" except as permitted by Federal Rule of Evidence 608(a).

10) Neither counsel nor witnesses may discuss the investigation of the Seattle Office of Professional Accountability ("OPA") into Officer Fry's arrest of Ms. Morales or any

STIP. MOTION & AGREED IN LIMINE ORDER
2:12-CV-02235-RSL - 3

**PETER S. HOLMES**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

other officer's conduct on May 1, 2012. To the extent counsel wishes to impeach a witness who OPA interviewed with the transcript of that interview, counsel shall refer only to a "prior police department interview," and shall rely on the transcripts that the City produced in this litigation.

11) No party shall offer testimony, evidence, or argument revealing that this case was previously tried, that it was appealed, that this is the second trial, or that there were previously other defendants or claims. Parties may use testimony from the first trial for impeachment but may refer to the source of that testimony only as a "proceeding." For example, counsel might begin a line of impeachment questioning with the following question: "Do you recall testifying under oath at a proceeding in April 2014?"

12) Counsel shall not show to the jury documents (including but not limited to pleadings, motions, and declarations) that suggest that there are other Defendants or other claims in this action.

13) For any non-party witness called in Plaintiff's case-in-chief, Defendant may conduct any direct examination of the witness along with cross-examination, so that witnesses need not testify twice.

14) Neither witnesses nor counsel shall refer to the ongoing consent decree between the federal government and the City of Seattle proving federal oversight of certain policies and practices of the Seattle Police Department. *See United States v. City of Seattle*, No. C12-1282JLR (W.D. Wash.).

15) Neither witnesses nor counsel may offer evidence or argument that Officer Brian Rees discharged pepper spray as he came to assist Officer Fry as she arrested Ms. Morales.

16) Neither witnesses nor counsel may offer evidence or argument evidence that the

STIP. MOTION & AGREED IN LIMINE ORDER
2:12-CV-02235-RSL - 4

**PETER S. HOLMES**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200

Department changed policy and/or training regarding demonstration management or demonstration arrest procedures. This includes any changes in training, policy, or internal investigation or measures taken by the Department after the incident, as such evidence is irrelevant and prejudicial.

17) Counsel shall be prohibited from discussing any particular damage amounts during *voir dire*.

IT IS SO ORDERED.

Dated this 19th day of June, 2018.

*[signature]*
The Honorable Robert S. Lasnik
United States District Court Judge

STIP. MOTION & AGREED IN LIMINE ORDER
2:12-CV-02235-RSL - 5

**PETER S. HOLMES**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7097
(206) 684-8200