UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA MORALES,

    Plaintiff,

v.

OFFICER SONYA FRY,

    Defendant.

NO. C12-2235RSL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendant Sonya Fry's Motion for Summary Judgment." Dkt. # 201. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 1

the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and having heard the arguments of counsel, the Court finds as follows:

Defendant's statement of the facts is skewed sharply in her favor, ignoring all evidence that could give rise to an inference of retaliatory motive. When viewed in the light most favorable to plaintiff, the evidence could support a finding that Officer Fry was annoyed at plaintiff for criticizing and yelling at the police during a May Day protest, that she arrested plaintiff in retaliation for that speech, and that she falsified her police report to make it look like she had probable cause for the arrest. If the jury were to find for plaintiff on the factual issue regarding Officer Fry's motivation for arresting plaintiff, qualified immunity would not apply.

---

[1] Plaintiff's objections to the filing of the motion (Dkt. # 206) are overruled: the Court explicitly authorized additional motions practice regarding qualified immunity following remand of this case from the Ninth Circuit Court of Appeals.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 2

The Ninth Circuit found that as early as 1990, " any reasonable police officer would have known that it was unlawful to use [her] authority to retaliate against an individual because of [her] speech." Ford v. City of Yakima, 706 F.3d 1188, 1196 (9th Cir. 2013).

Defendant argues that a police officer's state of mind at the time of the arrest is irrelevant because probable cause is evaluated on an objective basis. Dkt. # 201 at 7. This argument proves too much in the circumstances presented here. If the jury were to accept plaintiff's version of events, Officer Fry was nudged by the handlebars of her bike as Ms. Morales tried to make her way along the bike fence line of which Officer Fry was a part. Ms. Morales was already moving away along the line when Officer Fry grabbed her and pulled her inside the fence. The crime of assaulting a police officer requires an intent to inflict bodily injury on the officer with unlawful force. See State v. Brown, 140 Wn.2d 456, 470 (2000) ("To obtain a conviction for assault under [RCW 9A.36.031(1)(g)], the State must prove that a defendant intended to commit and did commit an assault against another person."). A reasonable jury could, based on the bare facts of the encounter as described by plaintiff, determine that Ms. Morales was attempting to comply with the officers' sometimes inconsistent directions and simply pushed an obstruction aside, accidentally causing the bike handle to bump into Officer Fry. If the jury so found, there would be no evidence that Ms. Morales intended to cause bodily injury or the fear of bodily injury and no probable cause to believe that Ms. Morales had assaulted a police officer. Office Fry's subjective state of mind is relevant here because "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). If Officer Fry truly and reasonably believed she had been assaulted - either because the facts are closer to one of her versions of the

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 3

interaction or because she reasonably mistook the actual events in the chaos of the May Day protests – she may be entitled to qualified immunity even if probable cause did not, in fact, exist.

The Court cannot determine whether defendant is entitled to qualified immunity until the jury determines the facts of this case. The motion for summary judgment is therefore DENIED. The parties shall, within fourteen days of the date of this Order, file a joint status report regarding their availability for trial in 2019 and whether the pending motions in limine (Dkt. # 185 and 191) should be renoted on the Court's calendar or stricken and replaced.

Dated this 8th day of February, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT- 4